**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-894-CMA-CBS

ABLE PLANET, INCORPORATED,

      Plaintiff,

v.

BOSE CORPORATION,

      Defendant.

---

## PROTECTIVE ORDER

---

This matter came before the Court on the Parties' Stipulated Motion for Entry of Protective Order.  The Court, having concluded that the entry of the Protective Order is appropriate, hereby ORDERS as follows:

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled under the applicable legal principles to treatment as confidential.

2.    <u>DEFINITIONS</u>

2.1     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staff.

2.2     Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Discovery Material shall be limited to material that a Producing Party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, competitively sensitive research, financial, sales, technical, marketing, planning, or other confidential business information, as well as private or confidential personal information. The "Confidential" designation shall not include any material that the Producing Party has placed in the public domain and/or made available as a matter of public record.

2.4     "Highly Confidential – Attorneys' Eyes Only" Discovery Material shall be limited to particularly sensitive material the disclosure of which to another Party or non-party would create a substantial risk of competitive or business injury to the Producing Party.

2.5     Receiving Party: a Party that receives Discovery Material from a Producing Party.

2.6     Producing Party: a Party or non-party that produces Discovery Material in this action.

2.7     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8     Protected Material: any Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    In-House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, and who is not a past or a current employee of a Party or of a competitor of a Party, and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

After the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.      DESIGNATING PROTECTED MATERIAL

      5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order shall, in good faith, attempt to limit any such designation to material that qualifies under the appropriate standards. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party shall notify all other parties that it is withdrawing the mistaken designation.

      5.2      <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

            (a)      <u>For information in documentary form</u>, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend

on each page that contains Protected Material.

(b)     For testimony given in deposition or in other pretrial or trial proceedings, that any party believes should be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", the party shall designate, either on the record during the deposition, or in writing within 20 days of the receipt by that party of the unofficial deposition transcript, the specific portions of the testimony as to which protection is sought and the level of protection being asserted.  The Designating Party shall be required to provide notice to the court reporter identifying those sections of the deposition transcript that are being designated.  To the extent feasible, the court reporter shall separate those sections before producing an official transcript and shall produce the pages designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a separately bound section. If this is not feasible or if the official transcript has already been completed, then the notice from the Designating Party shall be affixed by the court reporter to the official transcript provided to any party.

(c)     For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3     Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material if such failure is timely corrected once known to the Producing Party.  Upon such correction, the Receiving Party must treat the material as if it had been timely designated under

this Protective Order and must endeavor in good faith to obtain the return of, or confirm the destruction of, all copies of documents that it distributed or disclosed to persons not authorized to access such information.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Method of Challenge. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by serving a written objection upon the Designating Party. The Designating Party shall notify the challenging party in writing of the bases for the asserted designation within ten days after receiving a written objection. The Parties shall confer in good faith as to the validity of the designation within five days after the challenging party has received the Designating Party's bases for the asserted designation. If the Parties are unable to reach an agreement as to the challenged designation, the challenging party may make an appropriate application to the Court.  Until a challenge to an asserted designation is finally resolved by the Parties or the Court, all Parties and persons shall treat the information or materials in question according to the original designation.

6.3    Judicial Intervention. If a Party elects to challenge a confidentiality designation after considering the justification offered by the Designating Party, the challenging party may file a motion that identifies the challenged material and sets forth in detail the basis for the

challenge. Each such motion must be accompanied by a competent declaration that affirms that

the movant has complied with the meet and confer requirements imposed in the preceding

paragraph and that sets forth with specificity the justification for the confidentiality designation

that was given by the Designating Party in the meet and confer dialogue.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed

or produced by another Party or by a non-party in connection with this case only for prosecuting,

defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

to the categories of persons and under the conditions described in this Order. Protected Material

must be stored and maintained by a Receiving Party at a location and in a secure manner that

ensures that access is limited to the persons authorized under this Order.

    7.2    Disclosure of "CONFIDENTIAL" Material. Unless otherwise ordered by the

Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

material designated CONFIDENTIAL only to:

        (a)    Receiving Party's Outside Counsel of record in this action, as well as

employees of said Counsel to whom it is reasonably necessary to disclose the information for

this litigation.

        (b)    officers, directors, and employees (including In-House Counsel) of the

Receiving Party to whom disclosure is reasonably necessary for this litigation;

        (c)    Experts of the Receiving Party to whom disclosure is reasonably necessary

for this litigation and who have signed the "Agreement to Be Bound by Protective Order"

(Exhibit A), as well as the employees and staff of the Experts to whom disclosure is reasonably

necessary;

(d)     Court and its personnel;

(e)     Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(f)     author of the document or the original source of the information or an original recipient.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Receiving Party's In-House Counsel, as well as employees of said In-House Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), as well as the employees and staff of the Experts to whom disclosure is reasonably necessary;

(d)     Court and its personnel;

(e)     court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(f)     author of the document or the original source of the information or an original recipient.

7.4     Use at Depositions.  Any deponent may be shown or examined on any information, document or thing, irrespective of designation, if it appears that the witness authored or received a copy of it, or is employed by the party who produced the information, document or thing, or if the Producing party consents to such disclosure.

7.5     Outside Counsel and Expert. Any Outside Counsel or Expert who has been afforded access to information or items from a Producing Party which has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," particularly information or items relating to Producing Party's business, sales, research, technology, development and marketing activities, shall not disclose, use or apply such information or items for any purpose other than for work or services performed in the scope of this case.

Use in This Action. The status of information or material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be lost by use of such information or material in a court proceeding in this action or any appeal therefrom. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, and shall incorporate such procedures as appropriate, in the pre-trial order.

8.     NON-PARTIES

8.1     A copy of this Protective Order shall be furnished to each non-party required to produce documents or otherwise formally disclose information in response to discovery requests during this litigation. Such non-parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order.

9.     PROTECTED MATERIAL SUBPOENAED

If a Receiving Party is served with a subpoena or an order issued in another action that seeks disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must notify the Designating Party of that request in writing promptly and in no event more than seven court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.     DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

Exhibit A.

11.     FILING PROTECTED MATERIAL

        In the event that Confidential or Highly Confidential – Attorneys' Eyes Only Information

is used in any court filing or proceeding in this action, including but not limited to its use at trial,

it shall not lose its confidential status as between the Parties through such use.  Whenever any

Protected Material must be filed with the Court, Parties shall seek to restrict public access to

such filings by filing appropriate motions that meet the requirements of D.C.COLO.LCivR.

7.2C.  Parties shall seek the lowest reasonable level of restriction under D.C.COLO.LCivR.

7.2C.

12.     FINAL DISPOSITION

        Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days

after the final termination of this action, including any appeals there from, each Receiving Party

must either destroy or return to the Producing Party all Protected Material and all copies,

abstracts, compilations, summaries or any other form of reproducing or capturing any of the

Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party

must submit a written certification to the Producing Party (and, if not the same person or entity,

to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate)

all the Protected Material that was returned or destroyed and that affirms that the Receiving Party

has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all Protected Material or pleadings, motion papers, transcripts, legal

memoranda, correspondence or attorney work product, even if such materials contain Protected

Material. Any such archival copies that contain or constitute Protected Material remain subject to

this Protective Order as set forth above.

13.     DISCLOSURE BEYOND TERMS OF PROTECTIVE ORDER

13.1    Nothing shall prevent disclosure beyond the terms of this Protective Order if the producing party consents to such disclosure in writing, or if the Court orders such disclosure.

13.2    Exclusions. This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of Protected Material:

(a) separately obtained lawfully independently of this action;

(b) already known to the Receiving Party by lawful means prior to acquisition from, or disclosure by, the Producing Party in this action;

(c) which is or becomes publicly known through no fault or act of the Receiving Party; or

(d) rightfully received by the Receiving Party from a third party with authority to provide such material without restriction as to disclosure.

13.     MISCELLANEOUS

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.12   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.     DISCLOSURE DURING TRIAL OR AT ANY HEARING

If the need arises during trial or at any Hearing before the Court for any party to disclose

Confidential or Highly Confidential – Attorneys' Eyes Only information, it may do so only after

giving notice to the producing party and as directed by the Court.

15.    REDACTIONS

Any Producing Party may redact from the documents and things it produces any matter

that the disclosing party claims is subject to attorney-client privilege, work product immunity, a

legal prohibition against disclosure, or any other privilege or immunity.  The Producing Party

shall mark each thing where matter has been redacted with a legend stating "REDACTED," as

appropriate, or a comparable notice. Where a document consists of more than one page, at least

each page on which information has been redacted shall be so marked. The Producing Party shall

preserve an unredacted version of each such document. This provision shall not affect any

obligation to provide a log of information redacted or otherwise withheld on the basis of

attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other

privilege or immunity.

16.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS

Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure

26(b)(5)(B), attorney-client privilege, work product protection or any other privilege or

protection shall not be waived, in this case or in any other Federal or State proceeding, by

inadvertent disclosure.  More specifically, if any privileged or protected documents, records,

and/or data are inadvertently disclosed to another party, such documents will not lose the

privilege and/or protection attached thereto by the mere fact such documents were inadvertently

disclosed, nor may any such documents, once identified, be used for any purpose (including,

without limitation, during a deposition).  All copies of such document(s) shall be returned to the

producing party or be destroyed within five days of such notice.  This provision shall apply in this case, as well as in any other Federal or State proceeding.

If a dispute arises concerning the protected nature of the document(s) demanded or returned under this paragraph, the Parties shall meet and confer in good faith in an effort to resolve the dispute. If the Parties are unable to resolve the dispute, the producing party may file a motion for protective order protecting the document(s) at issue from being further disclosed, and requiring that the document(s) be returned to the Producing Party. In the event of such a motion for protective order, the Producing Party shall have the burden to demonstrate the claimed privilege, work product immunity or other immunity.  The Receiving Party will not use or refer to any information contained within the document(s) at issue, including in deposition or at trial or in any Court filing, unless and until such a motion for protective order is denied by a Court.

17.   <u>EXPERT MATERIALS</u>

Testifying experts' draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case (except if the testifying expert has relied on an interview in his expert report, declaration, or affidavit, then all notes, summaries of the testifying expert or transcripts relating to that interview shall be discoverable).  Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case.  No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion, or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming

his or her final opinion in this case.  No conversations or communications between counsel and any testifying or consulting expert, or between a party and any testifying or consulting expert, will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case.  Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation.

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the District of Colorado on [_____, 2012] in

the case of *Able Planet, Inc. v. Bose Corporation*, Case No. 1:12-cv-00894. I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

DATED at Denver, Colorado, on August 8, 2012.

BY THE COURT:


_s/Craig B. Shaffer_
Craig B. Shaffer
United States Magistrate Judge